# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DONNY D. HAMPTON,  )
            Plaintiff,  )
)
v.  )  Case No. CV407-033
)
AL ST. LAWRENCE, Sheriff, and  )
MCARTHUR HOLMES, Jail  )
Administrator,  )
)
            Defendants.  )

## REPORT AND RECOMMENDATION

On February 27, 2007, Donny D. Hampton, an inmate at Chatham County Detention Center, filed this complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On March 12, 2007, the Court granted Hampton leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form to the Court within thirty days of that order. Doc. 3. Hampton complied, and on April 24, 2007, he filed a motion to amend his complaint to include jail

administrator McArthur Holmes as a defendant and to specify that he is seeking $4.3 million in damages and an order from the Court enjoining the defendants from any further violations of his constitutional rights. Doc. 7.

His motion to amend is **GRANTED**. However, for the reasons set forth below, the claims in his original and amended complaints should be **DISMISSED**.

I.  LEGAL FRAMEWORK

Congress set forth the procedures for handling civil actions filed by prisoners or other detainees in the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104–134, 110 Stat. 1321–71. The PLRA authorizes federal courts to "dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). In addition, the PLRA requires federal courts to conduct an early screening of all prisoner suits against

government entities or officials to identify claims subject to immediate dismissal. 28 U.S.C. § 1915A. Pursuant to those provisions, the Court will examine Hampton's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

## II. LEGAL ANALYSIS

The Court will construe the allegations in Hampton's complaint liberally because he is a prisoner proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520 (1972). From the facts alleged and relief requested in his original and amended complaints, it appears that Hampton is challenging the conditions of his confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). More specifically, Hampton alleges constitutional deprivations resulting from the following conditions: (1) meal service that includes cold food, small portions, and improper handling procedures; (2) the unauthorized opening and periodic detention of his personal mail; (3) placement in cell lockdown following disturbances in which he played no role; (4) growth of mold and

3

mildew in the air conditioning ventilation system and around toilets; (5) unauthorized room searches; and (6) overcrowded prison conditions that cause general unpleasantness, force him to reside in a "double bunked" cell, increase stress, contribute to unsanitary conditions, exacerbate the lack of adequate medical care, and force him to witness homosexual activities. Docs. 1 & 7.

Hampton sets forth no facts suggesting that either defendant was directly involved in any of the deprivations alleged in his complaint. Instead, he is suing defendant St. Lawrence solely in his capacity as Chatham County Sheriff and defendant Holmes solely in his capacity as detention center administrator. Id. In fact, Hampton's original complaint mentions St. Lawrence only to point out that he should be found liable under § 1983 because he "is Sheriff of Chatham County Detention Center and according to the inmate handbook, he is responsible for the policies and the training of his under deputies and [is] responsible for their actions." Doc. 1 at 6–7.

Hampton's claims are in direct violation of the rule that a § 1983 complaint cannot be based upon theories of vicarious liability

4

or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, he must demonstrate either that St. Lawrence and Holmes directly participated in the alleged constitutional deprivations or that their acts or omissions have some other causal connection to the alleged constitutional deprivations. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam).

Hampton can establish the requisite causal connection by showing that either defendant implemented or allowed to continue an official policy or an unofficially adopted policy or custom under which the violation occurred. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985). But he must show that the defendants' knowledge amounted to deliberate indifference to the asserted harm or risk, in that their knowledge was "so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v.

5

Jefferson County Comm'n, 10 F.3d 1535, 1541–42 (11th Cir. 1994) (Kravitch, J., concurring).

Accordingly, Hampton's complaint against Holmes must fail because he has not alleged any facts evincing Holmes' knowledge that the alleged activities were occurring. The same is true for St. Lawrence. Although Hampton quotes language from the inmate handbook stating that St. Lawrence is responsible for the detention center's policies and employees, that language does not satisfy § 1983's causal connection element. To state that a supervisor is ultimately responsible is to simply restate the standard for vicarious liability. Here, there must be a direct causal relationship based on St. Lawrence's acts or omissions, and Hampton has failed to allege one. Therefore, his complaint should be **DISMISSED**. All other pending motions should be **DENIED** as **MOOT**.

**SO REPORTED** and **RECOMMENDED** this <u> 6th </u> day of November, 2007.

<u>/s/ G.R. SMITH</u>
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**